<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **APRIL RENEA CABBELL,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 15-7491 (ES) |
| **SHERIFF'S OFFICER DELLAVALLE,** | **OPINION** |
| **Defendant.** | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of pro se Plaintiff April Cabbell's filing of the Complaint, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 1). Having considered Plaintiff's application to proceed *in forma pauperis*, the Court concludes that Plaintiff has adequately established that her financial condition renders payment of the $400.00 filing fee a hardship.

However, after a court determines that a plaintiff is qualified to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must then "screen" the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Having thoroughly reviewed Plaintiff's Complaint, the Court dismisses the Complaint for failure to state claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In particular, the Complaint asserts "false arrest/kidnapping" and breach of fiduciary duty claims based on Plaintiff's allegation that she was "kidnapped in Judge Frasca['s] court by the defendant Officer Dellavalle," who "continued to pursue" Plaintiff "although he didn't have adequate

information." (D.E. No. 1, Complaint at 3).[1] Plaintiff further alleges that she was held by sheriff's officers in a holding cell until 4:30 P.M. on the day after she paid "300.00 dollars to get out." (*Id.*). As a result of these alleged wrongs, Plaintiff requests compensatory damages, exemplary damages, court costs, and other relief "as this Court may deem appropriate." (*Id.* at 5).

To state a claim for false arrest, a plaintiff must show (1) that there was an arrest; and (2) that the arrest was made without probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Plaintiff sufficiently establishes the fact of her arrest to meet the first element. However, Plaintiff's conclusory allegation that the arrest was made without "adequate information" is insufficient to make a showing that the arrest was made without probable cause. *See id.* Therefore, the Complaint fails to state a claim for false arrest.

Similarly, to state a claim for false imprisonment, a plaintiff must show (1) that she was detained; and (2) that the detention was unlawful. *Id.* at 682-83. Plaintiff meets the first element by sufficiently establishing that she was detained. However, Plaintiff alleges wrongfulness of her imprisonment by asserting that the detention constituted "kidnapping" and was made pursuant to "some private statute that is not just or lawful." These conclusory allegations are insufficient to make a showing that the detention was unlawful. *Id.* Therefore, the Complaint fails to state a claim for false imprisonment.[2]

---

[1] The Court construes these assertions as claims for false imprisonment and false arrest under 18 U.S.C. § 1983. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) (noting that courts must "liberally construe the *pro se* litigant's pleadings" and "apply the applicable law, irrespective of whether he has mentioned it by name").

[2] Plaintiff also appears to allege wrongful imprisonment based on the fact that she was not released until the day after she paid $300 "to get out" of detention. Indeed, jailers "have a duty to effect a prisoner's release within a reasonable amount of time." *Regan v. Upper Darby Twp.*, 363 F. App'x 917, 924 (3d Cir. 2010). However, Plaintiff fails to allege any facts supporting the unreasonableness of this delay. For this reason as well, the Complaint fails to state a claim for false imprisonment.

Plaintiff also alleges breach of fiduciary duty by Officer Dellavalle arising out of his arrest and detention of Plaintiff.  However, there is no cause of action against an arresting officer for breach of fiduciary duty.  *See Smart v. Twp. of Gloucester*, No. 06-138, 2007 WL 1186043, at *4 (D.N.J. Apr. 20, 2007) ("This Court is aware of no cause of action against police officers for breach of fiduciary duty").  Therefore, Plaintiff's claim for breach of fiduciary duty is dismissed. [3]

The shortcomings discussed above do not, however, foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint.  Therefore, considering Plaintiff's pro se status, the Court dismisses the Complaint without prejudice, with leave to file an amended complaint. An appropriate Order follows.

                                                    s/*Esther Salas*
                                                    **Esther Salas, U.S.D.J.**

---

[3] Additionally, the Court notes that it has received Plaintiffs' letter requesting discovery in this case.  (D.E. No. 2).  However, given that the Court dismisses the Complaint without prejudice, the Court also dismisses the discovery request as moot.